# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ROSALIE DEVONSHIRE ) | CASE NO. 3:02CV7223 |
| ) | |
| Plaintiff, ) | JUDGE JAMES. G. CARR |
| ) | |
| v. ) | |
| ) | **ANSWER AND AFFIRMATIVE** |
| THE JOHNSTON GROUP FIRST ) | **DEFENSES OF DEFENDANT BRADLEY** |
| ADVISORS, et al. ) | **M. JOHNSTON D/B/A THE JOHNSTON** |
| ) | **GROUP FIRST ADVISORS** |
| Defendants. ) | |

Defendant Bradley M. Johnston, d/b/a The Johnston Group First Advisors ("Johnston"), as and for his Answers to the Complaint, says:

1. Johnston admits that Plaintiff was a customer prior to March 2002 and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1.

2. Johnston admits that he is based in Minneapolis, Minnesota and provided certain services to Plaintiff while she was a resident of Ohio, and denies the remainder of the allegations contained in Paragraph 2.

3. Johnston admits that he is a resident of Minneapolis, Minnesota and does business as Johnston Group First Advisors, and denies the remainder of the allegations contained in Paragraph 3.

4. Johnston admits that he provided certain services to Plaintiff and her former husband and that Plaintiff and Johnston met personally, exchanged phone calls, correspondence and e-mail, and denies the remainder of the allegations contained in Paragraph 4.

5. Johnston denies the allegations contained in Paragraph 5.

6. Johnston denies the allegations contained in Paragraph 6.

### As for the First Claim

7. Johnston repeats and realleges his answers to the allegations contained in Paragraphs 1 through 6.

8. Johnston denies the allegations contained in Paragraph 8.

### As for the Second Claim of Relief

9. Johnston repeats and realleges his answers to the allegations contained in Paragraphs 1 through 8.

10. Johnston denies the allegations contained in Paragraph 10.

### SECOND AFFIRMATIVE DEFENSE

1. Johnston affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

2. Johnston affirmatively alleges, in the alternative, that the Complaint is barred by the applicable period of limitations.

### FOURTH AFFIRMATIVE DEFENSE

3. Johnston affirmatively alleges, in the alternative, that the Complaint is barred because of inadequate or insufficient and/or failure of service of process.

### FIFTH AFFIRMATIVE DEFENSE

4. Johnston affirmatively alleges, in the alternative, that the Plaintiff has failed to join all parties necessary for a just adjudication of the captioned matter.

### SIXTH AFFIRMATIVE DEFENSE

5. Johnston affirmatively alleges, in the alternative, that it owes no duty to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

6. Johnston affirmatively alleges, in the alternative, that the Plaintiff has failed to exercise ordinary, reasonable care to mitigate any damages allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

7. Johnston affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiff is the sole result of the conduct of Plaintiff, which conduct is greater than the combined negligence of Defendants.

## NINTH AFFIRMATIVE DEFENSE

8. Johnston affirmatively alleges, in the alternative, that Plaintiff is not entitled to recover punitive damages as such damages are not recoverable as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

9. Johnston affirmatively alleges, in the alternative, that the Complaint is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

10. Johnston affirmatively alleges, in the alternative, that the allegations in the Complaint are barred by the doctrine of waiver.

## TWELVTH AFFIRMATIVE DEFENSE

11. Johnston affirmatively alleges, in the alternative, that the allegations in the Complaint are barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

12. Johnston affirmatively alleges, in the alternative, that the allegations in the Complaint are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

13. Johnston respectfully reserves the right to amend its Answer to add such additional Affirmative Defenses, Cross-Claims, Counterclaims and/or Third-Party Complaints as may be disclosed during the course of discovery in the captioned matter.

**WHEREFORE**, Defendant Bradley M. Johnston requests Judgment dismissing the Complaint as against it together with an award of costs and any other such relief as the Court deems just and equitable.

s/ Jonathan W. Philipp
ANDREW J. DORMAN (0063410)
JONATHAN W. PHILIPP (0043705)
8223 Brecksville Road, Suite 201
Cleveland, Ohio 44141-1367
Phone: (440) 838-7600
Fax:    (440) 838-7601
Email: Jonathan.Philipp@Janiklaw.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2002, a copy of the foregoing Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jonathan W. Philipp
JONATHAN W. PHILIPP (0043705)

One of the Attorneys for Defendants
Email: Jonathan.Philipp@Janiklaw.com

2-1673\ANS0001.67\kc