IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rosalie Devonshire,  Case No. 3:02CV7223

      Plaintiff,

v.  ORDER

The Johnston Group First Advisors, et. al.,

      Defendants,

This is a diversity case in which the plaintiff alleges the defendants negligently mismanaged her investment portfolio. The complaint was filed in Lucas County, Ohio, Court of Common Pleas alleging violations of Ohio law. Pursuant to 28 U.S.C. § 1441, defendants timely removed the case to this court.

Pending is defendants' motion for summary judgment. For the following reasons, defendants' motion shall be granted.

**Background**

Plaintiff alleges that Bradley Johnston, of Johnston Financial Group First Advisors — both of whom are named defendants — committed what amounts to investment malpractice. Plaintiff states that due to defendants' mismanagement her portfolio declined in value in late 2000 and early 2001.

Plaintiff became divorced on November 29, 2000. Prior to her divorce, defendants managed her and her husband's joint account. Their joint account enjoyed an average annual gain of 10.9 % between 1996 and 2000. After the divorce, defendants continued to maintain plaintiff's individual account.

In early March, 2001, defendant Johnston met with plaintiff to discuss her account. By the end of that month, plaintiff had terminated defendant as her financial advisor.

On March 29, 2002, plaintiff sued defendants. On December 29, 2003, I granted defendants' motion for summary judgment dismissing plaintiff's claims. Plaintiff sought reconsideration on the basis that she had encountered delay in obtaining an expert opinion that she desired to offer in opposition to the defendants' motion. In response to plaintiff's request, I vacated the dismissal of plaintiff's negligence claim.

The only issue now before me is whether the plaintiff can withstand defendants' motion for summary judgment on her negligence claim. I hold that she cannot.

**Summary Judgment Standard**

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and

2

identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.

In deciding the motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

**Discussion**

Defendants concede that there is a genuine issue of material fact as to whether defendant Johnston breached the standard of care a financial advisor owes a client. Defendants' motion,

however, insists that, because plaintiff has no evidence that any such breach, rather than the overall decline in the market, proximately caused those losses, summary judgment is properly granted.

To maintain a negligence action under Ohio law, a plaintiff must prove a "duty running from the defendant to the plaintiff, breach of duty by that defendant, damages suffered by the plaintiff, and a proximate cause relationship between the breach of duty and the damages." *Hester v. Dwivedi*, 89 Ohio St. 3d 575, 578 (2000). Further, "'[e]vidence of damages must be shown with a reasonable degree of certainty and *speculative damages are not recoverable*.'" *Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App. 3d 63, 90 (Ohio Ct. App. 2002) (emphasis added) (citation omitted). This rule precludes recovery "where the *fact* of damage is uncertain, i.e., where the damage claimed is not the certain result of the wrong, not where the amount of damage alone is uncertain." *Broan Mfg. Co. v. Associated Distrib., Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991) (citing *Grantham and Mann, Inc. v. American Safety Prods.*, 831 F.2d 596, 601–02 (6th Cir. 1987)).

For a plaintiff to recover damages, she must present evidence "that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages." *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 907 (S.D. Ohio 2003) (applying *Sir Speedy*).

While a plaintiff is not required to prove her damages with absolute certainty, she must show that there is a reasonable basis for computing her alleged damages. *Sir Speedy*, 957 F.2d at 1038; *Arctic Express*, 288 F. Supp. 2d at 907 (quoting *Volasco Prods. Co. v. Lloyd A. Fry Roofing Co.*,

however, insists that, because plaintiff has no evidence that any such breach, rather than the overall decline in the market, proximately caused those losses, summary judgment is properly granted.

To maintain a negligence action under Ohio law, a plaintiff must prove a "duty running from the defendant to the plaintiff, breach of duty by that defendant, damages suffered by the plaintiff, and a proximate cause relationship between the breach of duty and the damages." *Hester v. Dwivedi*, 89 Ohio St. 3d 575, 578 (2000). Further, "'[e]vidence of damages must be shown with a reasonable degree of certainty and *speculative damages are not recoverable*.'" *Bobb Forest Prods. v. Morbark Indus.*, 151 Ohio App. 3d 63, 90 (Ohio Ct. App. 2002) (emphasis added) (citation omitted). This rule precludes recovery "where the *fact* of damage is uncertain, i.e., where the damage claimed is not the certain result of the wrong, not where the amount of damage alone is uncertain." *Broan Mfg. Co. v. Associated Distrib., Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991) (citing *Grantham and Mann, Inc. v. American Safety Prods.*, 831 F.2d 596, 601–02 (6th Cir. 1987)).

For a plaintiff to recover damages, she must present evidence "that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages." *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992); *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 907 (S.D. Ohio 2003) (applying *Sir Speedy*).

While a plaintiff is not required to prove her damages with absolute certainty, she must show that there is a reasonable basis for computing her alleged damages. *Sir Speedy*, 957 F.2d at 1038; *Arctic Express*, 288 F. Supp. 2d at 907 (quoting *Volasco Prods. Co. v. Lloyd A. Fry Roofing Co.*,

308 F.2d 383, 392 (6th Cir. 1962)). In short, because a jury may not award damages based on mere conjecture, "*people who want damages have to prove them*." *Id*. (quoting *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 415 (7th Cir. 1992)) (emphasis added).

Where a plaintiff alleges — as the plaintiff does in the instant case — that an investment manager invested in securities that were not suited to her investment strategy, the plaintiff must allege "'which transactions and securities are involved and the reasons why these securities are unsuitable.'" *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 494 (6th Cir. 1990) (citation omitted).

Finally, when a plaintiff is suing for damages related to investment mismanagement, the measure of damages is the plaintiff's gross economic loss reduced by the average decline in a "well recognized [market] index" such as the Dow Jones Industrial average, or the Standard & Poor's Index. *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 49 (2d Cir. 1978).

Plaintiff's own expert has not testified to or issued an opinion that calculates how plaintiff was damaged by the defendants' alleged mismanagement of her portfolio. Indeed, plaintiff's expert testified in deposition that it was "quite possible that [plaintiff] would have suffered losses" in the down market anyway. Further, in his report, plaintiff's expert only indicates that defendants were negligent, not that they actually caused damage to plaintiff. Plaintiff wants damages, yet plaintiff has not brought forth evidence that she actually suffered damages as a result of defendants' alleged breach of duty.

Plaintiff insists that it does not matter, for the purposes of summary judgment, how much she was damaged by the defendants' alleged negligence. She errs, as she has the burden of proof not just as to liability, but as to damages as well. When confronted with a summary judgment motion

challenging her ability to prove a causal nexus between the defendants' negligence and her losses, plaintiff must, under Fed. R. Civ. P. 56(e), do more than simply rely on her complaint and subsequent allegations of unenumerated losses.

Plaintiff's opposition to the defendants' motion for summary judgment uses a bonsai analogy to argue that a showing of negligent and potentially harmful inattentiveness suffices to get her case to the jury.[1]

To survive summary judgment, plaintiff must submit evidence of the nexus between defendants' investment malpractice and her losses. This requires a reasonably reliable showing of the allocation of cause between defendants' wrongdoing, on the one hand, and downward market conditions, on the other. On the basis of the present record, it as likely as not that plaintiff's losses were due in whole or major part to market trends that could not have been overcome by better management.

That being so, defendants' motion for summary judgment must be granted.

## Conclusion

It is, therefore,

---

[1] In her analogy, plaintiff posits the owner of a valuable plant, whose growth has taken years of nurture and care, leaves her plant with a careless custodian. The owner, plaintiff contends, need do no more than show that plant declined while in the custodian's hands to recover the value of the plant before it was mishandled.

Plaintiff's analogy is missing an important element — namely (to extend the analogy so that it fits the facts of this case) — the concurrent existence of a severe disease that threatened all bonsai plants — including those that were well tended — while plaintiff's plant was being ignored. Absent a showing that the loss of value to the bonsai plant was due to mistreatment, rather than disease, there has been a failure of proof as to proximate cause between the lack of care and loss.

ORDERED THAT defendants' motion for summary judgment be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
United States District Judge